ANNA VRANA, APPELLEE, V. MATEJ VRANA ET AL., APPELLEES; BARBARA THEGE, APPELLANT.

FILED SEPTEMBER 25, 1909. No. 15,747.

1. Appeal: DISMISSAL. An appeal will be dismissed where the record does not disclose the rendition of a final order or judgment.

2. ———: FINAL ORDER. A judgment awarding partition and apportionment of shares of the respective parties is not a final order or judgment from which an appeal may be prosecuted.

3. ———: DISMISSAL. Where an appeal in partition is prosecuted to this court before the trial court has acted on the report of the referees, such appeal will be dismissed.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE. *Appeal dismissed.*

*J. H. Barry* and *F. Dolezal,* for appellant.

*Simpson & Good, contra.*

DEAN, J.

This is an action in partition. In April, 1885, Joseph Kodesch died intestate, being the owner of a quarter section of land in Saunders county, which both parties agree was then worth about $10 an acre. He left surviving him as his only heirs at law his widow, Anna Kodesch, and two married daughters, Anna Vrana and Barbara Thege, and eight children of a deceased daughter. Anna Vrana, who is plaintiff and appellee, joined as defendants the surviving widow, Anna Kodesch, and plaintiff's sister, Barbara Thege, and the children of the deceased sister, Mary Svatos, who have all reached their majority, and the spouses of Joseph Kodesch's children and grandchildren. At the time of his death, and for some time prior thereto, Joseph Kodesch and his wife both resided on the land as their home, and the widow has resided there continuously ever since. The record shows that the plaintiff and the defendant Barbara Thege in the trial court were each decreed to be the owner in fee simple of an undivided one-third part of the land described in the petition, and that the other defendants, who are the children of the deceased daughter, Mary Svatos, are entitled to an undivided one-third interest in the land, and that the plaintiff and the defendants are the owners of the land subject to the homestead and the dower interest of the defendant Anna Kodesch, and that Anna Kodesch, or the defendant Barbara Thege, as her guardian, has a homestead and dower interest in the land, being the life estate of Anna Kodesch, and that the plaintiff is entitled to partition. The decree shows that a referee was appointed to make

12

partition of the estate subject to the dower and homestead interest of Anna Kodesch, with directions to report to the court. To the above decree the defendants Barbara Thege and Anna Kodesch each took exceptions, and they bring the case here for review.

Upon a careful examination of the record, we conclude it does not disclose such a final order or judgment as is recognized by this court as being sufficient to entitle the action to be reviewed here. Code, sec. 582: "A judgment rendered or final order made by the district court, may be reversed, vacated, or modified by the supreme court, for errors appearing on the record." *Mills v. Miller*, 2 Neb. 299, is an action in partition where the above section of the code was construed. The same section was again construed in a partition case in *Skallberg v. Skallberg*, 84 Neb. 717. In both cases we held that, where an appeal in partition is prosecuted before the trial court has acted on the report of the referee, such appeal must be dismissed for the reason it is not such a final order or judgment as will entitle an aggrieved party to have his cause reviewed. One reason for the rule is that, if an appeal is allowed before a final adjudication in the trial court of all the issues, another appeal might be prosecuted after the case is returned and finally disposed of on the merits. The rule is meritorious, and we are disposed to adhere to it. Every question involved in the present case can as well be heard and disposed of after an adjudication of all the issues if at that time an appeal may be considered necessary by either party. There are a number of questions raised in the present case, but it is needless to discuss them here because, no final order or judgment having been rendered, the appeal is prematurely brought.

On the authority of the above cases and the authorities therein cited, the appeal herein must be, and it hereby is,

DISMISSED.

REESE, C. J., not sitting.