FLORENCE E. SEWALL ET AL., APPELLANTS, V. HELEN J. WHITON, APPELLEE.

FILED DECEMBER 14, 1909.    No. 15,948.

APPEAL from the district court for Rock county: JAMES J. HARRINGTON, JUDGE. *Appeal dismissed.*

*F. M. B. O'Linn,* for appellants.

*Arthur F. Mullen* and *James A. Douglas, contra.*

PER CURIAM.

This is an action in partition. The plaintiffs alleged that they were each the owner of an undivided one-third of a certain parcel of land. The defendant admitted she was in possession of the premises, but denied the title of the plaintiffs to an undivided one-half interest to the property; asserted title thereto in herself; prayed that the title be quieted in her, and that the plaintiffs be enjoined from asserting any right, claim or interest in the same. She further prayed for partition and an accounting. The reply denied these allegations. The action was tried to the court, which found for the defendant; granted her affirmative relief; ordered the premises partitioned, and appointed referees to make partition. This appeal is from this judgment and order.

Defendant has filed a motion to dismiss the appeal, asserting that the judgment from which the appeal is attempted to be taken is an interlocutory order and that this court has no jurisdiction to pass upon the question presented by the record.

We deem it advisable, in this connection, to point out the proper method of practice in appeals in partition cases where an issue is raised upon a question of title.

In *Seymour v. Ricketts,* 21 Neb. 240, it is pointed out

that it is a general rule in an action for partition where the title of plaintiff is denied that the partition proceedings will be suspended to give the plaintiff a reasonable opportunity to try his title at law, and the court will, in the meantime, retain the petition. This case was followed in *Phillips v. Dorris*, 56 Neb. 293. In *Schimpf v. Rhodewald*, 62 Neb. 105, the action was begun as an action for partition; but, when it was disclosed that a question of title was involved, the court properly ordered that the title be first tried as in an action of ejectment. Afterwards, by agreement of parties, a jury was waived and the issues as to title tried to the court, and at the same time the court also tried the right of partition. The proceedings in partition were suspended upon bringing the action here, and, upon the judgment being affirmed, the case was remanded for further partition proceedings. See, also, *Fisher v. Fisher*, 80 Neb. 145. In neither of those cases was the question now before us raised.

We think there is no conflict in the cases to which our attention has been called. When a petition has been filed asking for partition, if the plaintiff's title is controverted, the parties have a right to suspend the partition proceedings until the question of title is determined, either by a jury or by the court. A judgment rendered upon the issue of title alone is a final judgment, from which appeal will lie, and which may be reviewed by this court while the partition proceedings are suspended. If, however, the parties unite the issues and litigate the question of title and the right to partition at the same time, and the court determines both questions in the same judgment, such a judgment or order is only one step in the partition proceedings, is interlocutory in its nature, and cannot be reviewed until the final decree of partition, or until sale and confirmation. *Schick v. Whitcomb*, 68 Neb. 784. The order complained of in this case is of this interlocutory character, and cannot be reviewed until the end of the partition proceedings. *Skallberg v. Skallberg*, 84 Neb. 717; *Vrana v. Vrana, ante,* p. 128.

The appeal therefore is premature, and the motion must be sustained.

APPEAL DISMISSED.