PHEBE J. PETERSON ET AL., APPELLEES, V. GEORGE E. DAMOUDE ET AL., APPELLANTS.

FILED FEBRUARY 27, 1914.    No. 18;088.

1. **Appeal:** FINAL ORDER: PARTITION. When the main purpose of the action in the district court is to obtain partition, and the case is so tried and determined and partition ordered, such order is not appealable as final until partition is effected and confirmed, although questions of title may have been incidentally determined.

2. ———: ———: TITLE TO REALTY. When the object of the action in the district court is to determine the title of the parties, or their respective rights in the subject-matter of the action, and no other question is controverted, an order determining those rights is a final order, and a party aggrieved thereby may appeal therefrom before the property is actually partitioned, although such partition is asked for in the petition, and would properly follow the determination of the rights of the parties and is directed in the order.

APPEAL from the district court for Hamilton county: EDWARD E. GOOD, JUDGE. *Motion to dismiss appeal overruled.*

*Hainer, Craft & Aylsworth,* for appellants.

*B. F. Good* and *J. H. Grosvenor, contra.*

SEDGWICK, J.

The defendants have appealed from an order of the district court for Hamilton county.

The plaintiffs filed a motion to dismiss the appeal, alleging that the action was in partition, and that there was an order directing the sale of the real estate in partition, and that no sale has been had, and therefore no final order which is appealable. Section 8185, Rev. St. 1913, provides: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the supreme court, for errors appearing on the record." Section 8176 provides: "An order affecting a substantial right made in a special proceeding

\* \* \* is a 'final order.'" The question to be determined upon the motion is whether the order entered by the district court is a final order, within the meaning of these statutes. The object of the *per curiam* in *Sewall v. Whiton,* 85 Neb. 478, was "to point out the proper method of practice in appeals in partition cases where an issue is raised upon a question of title." Some of the prior decisions of this court were there reviewed, and the rule as applied to that case is stated. The *per curiam* cites *Schimpf v. Rhodewald,* 62 Neb. 105, and states the nature of that action and something of what was decided in it, and uses this language in regard to that case: "When it was disclosed that a question of title was involved, the court properly ordered that the title be first tried as in an action of ejectment. Afterwards, by agreement of parties, a jury was waived and the issues as to title tried to the court, and at the same time the court also tried the right of partition. The proceedings in partition were suspended upon bringing the action here, and, upon the judgment being affirmed, the case was remanded for further partition proceedings." In the *Schimpf* case the following statement is in the opinion: "The trial being to the court alone, it would have been somewhat absurd to require him to traverse substantially the same ground twice, as upon the trial of an action in ejectment, and again to determine the right of partition." In the *Sewall* case it was said: "When a petition has been filed asking for partition, if the plaintiff's title is controverted, the parties have a right to suspend the partition proceedings until the question of title is determined, either by a jury or by the court. A judgment rendered upon the issue of title alone is a final judgment, from which appeal will lie, and which may be reviewed by this court while the partition proceedings are suspended. If, however, the parties unite the issues and litigate the question of title and the right to partition at the same time, and the court determines both questions in the same judgment, such a judgment or order is only one step in the partition proceedings, is interlocutory in its nature, and cannot be re-

viewed until the final decree of partition or until sale and confirmation." It was not necessary in that case, and the court did not attempt, to define under what circumstances and in what manner the parties could "unite the issues and litigate the question of title and the right to partition at the same time." Cases involving partition, and the right of appeal before partition is complete, range themselves in three classes:

(1) Where there is no controversy as to the ownership of the property in common and the right of partition, but the controversy is as to something relating to the partition, as whether the property can be equitably divided or must be sold, one party contending that it can be equitably divided and asking for a distinct portion of the property, and the other party contending that it cannot be equitably divided and asking that the whole property be sold, or some similar controversy in regard to the partition itself. When that is the case, the partition alone is the subject of litigation, and of course is not final until the partition is made.

(2) The second class is where there is the same issue as above indicated as to the method of partition, and at the same time a distinct issue as to the title and ownership of the property. In such cases the parties would have a right to have their title first tried and determined, and, if that was done, the order thereon would be a final order, within the *per curiam* in the *Sewall* case, but if the matter is tried to the court, and the parties do not ask that their title be first determined, and there is no indication that the court proceeded first to determine the title, the parties should be held to have waived their right to appeal before the partition is completed.

(3) The third class is where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined. In such case there can be no doubt under the *per curiam* in the *Sewall* case that, when that question is determined, such determination is a final order, within the meaning of the statute, and is appealable.

In the case at bar the petition alleges that the will gives a life estate to the widow, the remainder to the children, and that it also provides: "Providing, however, that said real estate shall not be disposed or divided among my said children prior to the 5th day of October, 1921." The petition also alleges that the decree entered by the county court so construed the will. The petition then alleges that the decree of the county court is "repugnant and contrary to the devise of said lands, and has become nugatory, obsolete and void, and that said provision against division and partition of said premises, and that portion of the decree of the county court of Hamilton county, Nebraska, above set forth, is repugnant to the devise of said premises, and is void as against public policy, and is an unreasonable restriction and restraint upon the owners of said premises, and, unless removed as a cloud upon their title, the same will result in a great loss, damage, delay and hindrance to each and all of the plaintiffs and defendants herein, and will further result in great loss, damage and deterioration of the premises and the buildings, improvements and appurtenances thereto." The prayer is "that the court construe the said last will and testament of the said Joseph Damoude, deceased, with reference to the right of the plaintiffs to have partition and division of said premises, and that the clouds cast upon the title and possession of the plaintiffs and defendants be removed, canceled, set aside, and held for naught." It also asks for confirmation of shares and partition. To this petition a general demurrer was filed and overruled. This, of course, raised the sole question of the construction of the will. Afterwards a general denial was filed, and then an extensive answer alleging facts in answer to the special facts alleged by plaintiff as ground for construing the will as the plaintiff contended it should be construed. The sole matter contested was the construction and effect of the will; there being no contest as to the partition if the will is construed as the plaintiffs contend. This brings the case within the third class above indicated as the law

is announced in *Sewall v. Whiton, supra.* The order construing the will determined the whole controversy.

It follows that the order complained of is final, within the meaning of the statute, and the motion to dismiss the appeal is

OVERRULED.

ROSE, J., did not sit, and took no part in the decision.