AKRE, Respondent, v. THOMPSON, et al, Appellant.

(221 N. W. 249.)

(File No. 6286. Opinion filed September 29, 1928.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

*Buell F. Jones,* of Britton, and *Waddel & Dougherty,* of Webster, for Respondent.

BROWN, J. C. D. Thompson, who carried on a general store and lumber yard in Vablen, S. D., died on May 18, 1920. Defendant A. W. Thompson was appointed administrator of the estate and gave a bond with the Western Surety Company as surety. Thompson was removed as administrator and plaintiff appointed in his place, and this action is brought to recover on the bond for misappropriation and conversion of property of the estate by the administrator, Thompson. From an order overruling a demurrer to the complaint, defendants appeal.

The complaint alleges, in substance, that after his appointment and qualification there came into the hands of Thompson as administrator property belonging to the estate of the value of $166,076.71; that he misappropriated and converted moneys and property belonging to the estate of the aggregate amount of $122,987.92; that he was required by different orders and citations of the county court to make a report showing the property received and disbursements made by him as such administrator; that he neglected and failed to do so; that upon petition and citation he was required to show cause on January 15, 1925, why he should not make and file a final report and account of his doings as administrator and why he should not be adjudged to have mismanaged and misappropriated the funds of the estate; that such petition and citation were duly served upon him; that he appeared with his attorney, but made no report; that he agreed to make a report by February 5th, at which date he filed a report which was not

satisfactory, and further hearing on the petition and citation was set for April 28, 1925, of which notice was duly served upon him, and at which time he made no appearance; that on April 28th the county court made findings of fact and entered judgment against Thompson, which findings were in substance to the effect that he had misappropriated funds and property of the estate to the amount of $122,987.92, and that plaintiff had obtained leave of court to bring this action.

The demurrer assigns four statutory grounds, but the only one argued is that the complaint does not state facts sufficient to constitute a cause of action.

 Appellants say that the complaint is so indefinite and uncertain that it is impossible to determine what loss, if any, can be charged to defendants; that there is no specific act of embezzlement or defalcation set forth. It is an elementary rule of pleading that indefiniteness and uncertainty cannot be taken advantage of by demurrer. Appellants contend that the county court had no jurisdiction or authority to make any findings as to the amount of Thompson's defalcation or to enter any judgment against him for any amount; that it may require him to file a report and oust him from office or commit him for contempt if he fails so to do, but there its jurisdiction ceases; and that the only remedy against a defaulting administrator is an action brought by his successor under Code, § 3306, which provides:

"An administrator may, in his own name, for the use and benefit of all parties interested in the estate, maintain actions on the bond of an executor, or of any former administrator of the same estate."

Conceding for the purpose of the that this is true( although we do not so hold), it seems to us that the complaint states facts sufficient to constitute a cause of action under this section. It alleges the appointment of appellant A. W. Thompson as administrator; the execution of a bond as such administrator with defendant company as surety; that there came into his possession as such administrator property of the value of $166,076.71; that he had misappropriated and converted moneys and property belonging to the estate of the aggregate value of $122,987.92; that on due and proper notice he had been removed as administrator by the order of the county court and the plaintiff appointed in his stead;

that plaintiff had duly qualified as such administrator and by leave of court brought this action.

If all the averments as to findings and judgment of the county court are treated as surplusage, as appellants contend they are, there is still sufficient in the complaint to constitute a cause of action.

The order overruling the demurrer is affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.
CAMPBELL, J., concurs in the result.