HERMANDSON, Respondent, v. CITY OF CANTON, Appellant.

(231 N. W. 935.)

(File No. 7030. Opinion filed September 2, 1930.)

*Boyce, Warren & Fairbank,* of Sioux Falls, and *Harrison J. Brown* and *Claude A. Bennett,* both of Canton, for Appellant.

*Hall & Eidem,* of Brookings, and *Herbert B. Rudolph,* of Canton, for Respondent.

BROWN, P. J. Defendant appeals from an order overruling a general demurrer to the complaint in an action for personal injuries caused by an alleged defective sidewalk.

The complaint alleges the construction by defendant of a concrete sidewalk five feet wide in the year 1903, that it was negligently constructed in the following particular: That, instead of being built level, it was at the place of the accident made round and

sloping at the edges so that a person stepping on the sloping portion would be liable to be precipitated from the sidewalk into a deep and dangerous hole and culvert extending beneath and on each side of the sidewalk; that the place was insufficiently lighted and trees were negligently permitted to grow along the edge of the sidewalk that obstructed the light so that people using the walk in the nighttime were unable to see its dangerous condition; that no guard rails were constructed at this place so as to protect people from falling into the hole; and that plaintiff while carefully walking along the sidewalk after dark on the night of June 10, 1929, by reason of the negligent sloping construction and maintenance of the sidewalk, the insufficient light, and the lack of protecting guard rails, was precipitated and fell from the sidewalk into the culvert, thereby fracturing his left leg and suffering other injuries; and that, within sixty days from the date of the accident, he had served upon the city the written notice of the time, place, and cause of the injury as required by statute.

Appellant contends that, where a city adopts a plan for constructing a sidewalk, it is not liable for injuries resulting from defect in the plan unless the plan is so manifestly dangerous that the court can say, as a matter of law, that the plan was dangerous and unsafe. But, if the plan of construction of the sidewalk called for the round and sloping edges at the place of the accident, and required the sidewalk to pass over the culvert, there is nothing in the complaint that shows that the plan required the deep and dangerous hole that is alleged to have existed at the place to be left unguarded and unprotected. It is evident from the allegations of the complaint that the sloping and rounding edges of the sidewalk at this point would not have caused the injuries that plaintiff suffered had it not been for the deep and dangerous hole into which he fell. It was the falling into this hole that broke his leg and caused the other injuries of which he complains. Appellant contends that the accident occurred at a street crossing, and that the dangerous hole was merely a gutter that passed under the sidewalk to carry off water in time of rain, and that it would have been impractical to have placed guard rails at an ordinary street crossing. There is nothing in the complaint from which it may be inferred that the place of accident was an ordinary street crossing, and in fact the allegations of the complaint seem inconsistent with

such a situation. It is alleged that the dangerous place was on the sidewalk of Second street *between Lawler street and Kidder street*. This would seem to indicate that it was at a part of Second street between two other streets, Lawler and Kidder, which crossed Second street, and therefore was not at a street crossing.

Appellant further criticizes the complaint because it does not appear therefrom in what manner plaintiff fell into the hole. It is said there is no allegation as to what caused him to step off into the culvert except that it was dark and there was no street light at the corner, that it is not stated whether plaintiff lost his balance and fell into the ditch or stepped off the sidewalk into the ditch, and that there is no allegation as to what caused him to fall. But this simply amounts to a statement that the complaint is indefinite and uncertain as to the manner in which plaintiff fell into the hole. The ultimate fact that he did fall in is properly pleaded, as is also the fact that the hole was in the immediate proximity of the sidewalk so that a single misstep or the losing of one's balance while walking near the edge of the sidewalk might result in falling into the hole. Indefiniteness and uncertainty cannot be taken advantage of by demurrer. Akre v. Thompson, 53 S. D. 518, 221 N. W. 249.

In Braatz v. City of Fargo, 19 N. D. 538, 125 N. W. 1042, 1044, 27 L. R. A. (N. S.) 1169, there is the following quotation from 2 Dillon Municipal Corporations (4th Ed.) § 1019: "A municipal corporation is not an insurer against accidents upon the streets and sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day, and whether they are so or not is a practical question, to be determined in each case by its particular circumstances."

Under the allegations of the complaint in the instant case the sidewalk was not in a reasonably safe condition for travel by night. We must take the allegations of the complaint as they appear in the record, and the reasonable inference from those allegations is that the hole was not the ordinary gutter, but that it existed by the side of the walk, not at a crossing, but at a place between two streets which cross the street on which the accident occurred.

We think the complaint states facts sufficient to constitute a cause of action, and the order overruling the demurrer is affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.