Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/16/2016 09:08 AM CDT

Marcia R. Schlake et al., appellees, v.
Gene W. Schlake, appellant, and
CWHEQ, Inc., et al., appellees.

___ N.W.2d ___

Filed September 16, 2016.    No. S-15-263.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. This is so even where neither party has raised the issue.
3. **Partition: Final Orders.** When the dispute in a partition action is over the partition itself rather than ownership or title, there is no final, appealable order until the partition is made.
4. ____: ____. When a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order.
5. ____: ____. When the only issue in a partition action depends on ownership and the nature of the title, an order determining that issue is a final, appealable order.
6. **Partition.** A proceeding within a partition action to determine only title is a special proceeding.
7. **Partition: Final Orders.** In a partition action, the order adopting the referee's initial report and ordering a sale is not a final order. Rather, it is simply one step in the partition process.
8. **Partition: Judgments: Final Orders.** In a partition action where the parties unite the issues and litigate the question of title and the right to partition at the same time, and the court determines both issues in the same order, such a judgment or order is only one step in the partition proceedings, is interlocutory in its nature, and cannot be reviewed until the final decree of partition, or until sale and confirmation.

Appeal from the District Court for Gage County: PAUL W. KORSLUND, Judge. Appeal dismissed.

Lyle J. Koenig, of Koenig Law Firm, for appellant.

Jeffery W. Davis, of Carlson, Schafer & Davis, P.C., L.L.O., for appellees Marcia R. Schlake, Tracy J. Schlake, and Tonia R. Katschke.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

STACY, J.

## SUMMARY

This appeal seeks review of several orders entered by the district court in a partition action. Because we conclude none of the orders are properly before us for review, we dismiss the appeal.

## BACKGROUND

Marcia R. Schlake and Gene W. Schlake purchased residential property in 1996 as joint tenants. They divorced in 1998. Their property settlement agreement, which was incorporated into the consent decree, provided that title to the residential property "shall remain in the joint ownership of the parties as joint tenants with the right of survivorship; provided that [Gene] shall assume and be solely responsible for the payment of the mortgage . . . taxes, insurance, maintenance and other expenses in connection with such property." The decree further provided that "[t]he parties shall not sell such real estate unless both parties agree in writing." Under the decree, if a sale took place, the parties were required to "agree upon the sale price" and "[u]pon the closing of the sale . . . the parties shall equally divide the net proceeds from such sale."

In 2002, Marcia conveyed a remainder interest in her undivided one-half interest to her two adult children, but retained a life estate interest in her one-half interest.

In 2014, Marcia and her children (hereinafter collectively Marcia) filed a complaint in partition regarding the property. Gene opposed the partition in a pro se answer. The answer stated Gene lived in the residence and did not wish to sell it, and noted the parties' divorce decree provided they were not to sell the property unless they both agreed "in writing."

Marcia moved for summary judgment in the partition action. Gene appeared pro se at the hearing but offered no evidence and did not oppose the entry of summary judgment. On May 20, 2014, the court granted summary judgment in Marcia's favor, finding as a matter of law that the parties' shares and interests in the real estate were as alleged in Marcia's complaint, that a partition should be made, and that a referee should be appointed. No appeal was taken from this order.

In June 2014, the referee recommended the court order a referee sale because the residential property could not be partitioned in kind. The referee recommended the net sale proceeds be divided between the parties based on their respective ownership interests.

After the referee filed his report but before the district court ruled on it, Gene retained counsel and filed a motion to vacate the May 20, 2014, summary judgment order. In support of the motion to vacate, Gene argued that when a divorce decree gives parties a tenancy in common in marital property and one of the parties continues to reside on the property, the nonresiding party waives his or her right to partition under equity principles. In opposing the motion to vacate, Marcia argued Gene was precluded from raising such an affirmative defense at that stage of the proceedings, since a judgment in partition already had been entered on summary judgment. On November 13, the district court overruled Gene's motion to vacate, reasoning in part that although Gene "could have raised an affirmative defense that [the] conveyance was a sale in violation of the decree and that as a matter of equity [Marcia] should be precluded from seeking partition," his failure to present such a defense in response

to Marcia's summary judgment motion was "not grounds to vacate the judgment."

Gene timely appealed from the order denying the motion to vacate. The Nebraska Court of Appeals dismissed his appeal in case No. A-14-1078 in a February 13, 2015, minute entry. The court cited *Vrana v. Vrana*[1] for the proposition that where an appeal in partition is prosecuted before the trial court has acted on the report of the referee, such appeal must be dismissed, because it is not from a final order.

Thereafter, on March 16, 2015, the district court entered an order approving the referee's report and ordering that "the Referee proceed to sale of the premises at public auction as upon execution, upon such terms . . . and conditions as the Referee shall deem to be reasonable, and shall make due return of his biddings to this court." Gene timely appealed from the March 16 order, and we moved this case to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[2]

## ASSIGNMENTS OF ERROR

Gene assigns, restated, that the district court erred (1) in overruling his motion to vacate the summary judgment order; (2) in ordering partition of the property, in violation of the decree of dissolution; and (3) in accepting the referee's recommendation and ordering the property to be sold.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[3]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has

---

[1] *Vrana v. Vrana*, 85 Neb. 128, 122 N.W. 678 (1909).

[2] Neb. Rev. Stat. § 24-1106(3) (Supp. 2015).

[3] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

jurisdiction over the matter before it.[4] This is so even where, as here, neither party has raised the issue.[5]

Gene seeks appellate review of several orders entered by the district court during the pendency of this partition action. We consider, with respect to each, whether it is properly before us.

The seminal case on the issue of the appealability of orders in a partition action is *Peterson v. Damoude*.[6] In that case, we recognized the varying procedural and factual paths a partition action can take, and we explained that the appealability of orders arising in such actions depends on the nature of the controversy resolved by the order. We noted that

> [c]ases involving partition, and the right of appeal before partition is complete, range themselves in three classes:
>
> (1) Where there is no controversy as to the ownership of the property in common and the right of partition, but the controversy is as to something relating to the partition, as whether the property can be equitably divided or must be sold, one party contending that it can be equitably divided and asking for a distinct portion of the property, and the other party contending that it cannot be equitably divided and asking that the whole property be sold, or some similar controversy in regard to the partition itself. When that is the case, the partition alone is the subject of litigation, and of course is not final until the partition is made.
>
> (2) The second class is where there is the same issue as above indicated as to the method of partition, and at the same time a distinct issue as to the title and ownership of the property. In such cases the parties would have a right to have their title first tried and determined, and, if that was done, the order thereon would be a final order,

---

[4] *Id.*

[5] *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[6] *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914).

within the *per curiam* in [*Sewall v. Whiton*[7]], but if the matter is tried to the court, and the parties do not ask that their title be first determined, and there is no indication that the court proceeded first to determine the title, the parties should be held to have waived their right to appeal before the partition is completed.

(3) The third class is where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined. In such case there can be no doubt under the *per curiam* in the *Sewall* case that, when that question is determined, such determination is a final order, within the meaning of the statute, and is appealable.[8]

[3-5] Stated simply, when the dispute in a partition action is over the partition itself rather than ownership or title, there is no final, appealable order until the partition is made. When a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order. Finally, when the only issue in a partition action depends on ownership and the nature of the title, an order determining that issue is a final, appealable order.[9]

[6] We implied in *Peterson* that a proceeding within a partition action to determine only title is a special proceeding, and we take this opportunity to better explain our reasoning. We have defined special proceedings in a number of different ways over the years, and we do not undertake here the Sisyphean task of reconciling those definitions.[10] As relevant

---

[7] *Sewall v. Whiton*, 85 Neb. 478, 123 N.W. 1042 (1909).

[8] *Peterson v. Damoude, supra* note 6, 95 Neb. at 471, 145 N.W. at 848.

[9] *Id.*

[10] See John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001).

here, we have noted that "[w]here the law confers a right and authorizes a special application to a court to enforce the right, the proceeding is special, within the ordinary meaning of the term 'special proceeding.'"[11] Our recognition in *Peterson* that parties in partition actions have a right to have their title "first tried and determined" is recognition of just such a right, as well as recognition that an order determining title ordinarily affects a substantial right.[12]

We have consistently applied *Peterson* to determine when and under what circumstances orders in partition actions are final and appealable,[13] and we conclude it is applicable here as well.

## Finality of March 16 Order

The district court's March 16, 2015, order approved the referee's initial report and ordered that "the Referee proceed to sale of the premises at public auction as upon execution, upon such terms . . . and conditions as the Referee shall deem to be reasonable, and shall make due return of his biddings to this court." We conclude this is not a final, appealable order because it is merely one step in the partition action.

The partition statutes set up a series of statutorily mandated phases in order to achieve the partition of property.[14] Partition begins with the filing of a complaint in partition.[15] The parties then produce documentary proof showing their share,[16] after which the district court shall render judgment

---

[11] *State v. Jacques*, 253 Neb. 247, 253, 570 N.W.2d 331, 335 (1997).

[12] *Peterson v. Damoude, supra* note 6, 95 Neb. at 471, 145 N.W. at 848. Accord *Sewall v. Whiton, supra* note 7.

[13] See, *Trowbridge v. Donner*, 152 Neb. 206, 40 N.W.2d 655 (1950); *Beck v. Trapp*, 103 Neb. 832, 174 N.W. 610 (1919).

[14] See Neb. Rev. Stat. § 25-2170 et seq. (Reissue 2008).

[15] § 25-2170.

[16] See §§ 25-2177 and 25-2178.

"confirming those shares and interests, and directing partition to be made accordingly."[17] At this point, the district court appoints up to three referees[18] who compile a report on the property to be partitioned.[19] If, as was the case here, the report recommends partition in sale rather than partition in kind, and if the court is satisfied with the report, it "shall cause an order to be entered directing the referee or referees to sell the premises."[20] After the sale, the referee must report the results of the sale to the court.[21] At that time, the court may appoint a referee to "inquire into the nature and amount of encumbrances, and report accordingly."[22] Once the referee's final report is confirmed, "judgment thereon shall be rendered that the partition be firm and effectual forever."[23]

[7] We recite this statutory scheme to illustrate what we observed long ago in *Vrana v. Vrana*[24]: The order adopting the referee's initial report and ordering a sale is not a final order. Rather, it is simply one step in the partition process. *Vrana* was a partition action which only involved a controversy over the method of partition. There, the district court appointed a referee to make partition and report back to the court and appeal was taken from that order. We held the order appealed from was not final, and we dismissed the appeal. This is because, as we explained shortly thereafter in *Sewall v. Whiton*,[25] such an order is merely "one step in the partition proceedings, is interlocutory in its nature, and cannot

---

[17] § 25-2179.

[18] § 25-2180.

[19] See §§ 25-2181 and 25-2182.

[20] § 25-2183.

[21] § 25-2186.

[22] § 25-2187.

[23] § 25-21,105.

[24] *Vrana v. Vrana, supra* note 1.

[25] *Sewall v. Whiton, supra* note 7, 85 Neb. at 479, 123 N.W. at 1043.

be reviewed until the final decree of partition, or until sale and confirmation."

In *Trowbridge v. Donner*,[26] we reviewed a partition action after the subject property had been sold and an order confirming the sale had been entered. In discussing the history of the case, we noted the district court had properly denied a supersedeas bond when one of the parties wanted to appeal from an earlier order adopting a referee's report and ordering the property sold. We noted that "the decree ordering partition and sale was not appealable as a final order until partition was effected and confirmed."[27]

We recognize that in *In re Estate of McKillip*,[28] we held that an order adopting a referee report and ordering a referee sale was a final, appealable order under Neb. Rev. Stat. § 25-1902 (Reissue 2008). But in that case, we were considering a partition for purposes of distribution within a probate proceeding.[29] Because proceedings under the probate code are special proceedings,[30] we concluded the county court's order directing a referee's sale arose in a special proceeding and affected a substantial right under § 25-1902. In concluding the order in *In re Estate of McKillip* was final and appealable, we distinguished our holdings in *Peterson* and *Trowbridge*, because those cases did not involve partitions within probate proceedings, but, rather, involved orders in civil partition actions filed in district court pursuant to chapter 25, article 21, of the Nebraska Revised Statutes.[31]

Here, the partition action was filed in district court and is not part of a probate proceeding. Analysis of whether

---

[26] *Trowbridge v. Donner, supra* note 13.

[27] *Id.* at 209-10, 40 N.W.2d at 658.

[28] *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

[29] See Neb. Rev. Stat. § 30-24,109 (Reissue 2008).

[30] *Id.*

[31] See § 25-2170 et seq.

the March 16, 2015, order is final is governed by *Peterson*, *Trowbridge*, and *Vrana*, rather than by *In re Estate of McKillip*. Under our established precedent, the district court's March 16 order adopting the referee's initial report and ordering a sale was not a final, appealable order.

### ORDER ON SUMMARY JUDGMENT AND ORDER OVERRULING MOTION TO VACATE

Gene also seeks appellate review of the order granting summary judgment on the issue of partition and the subsequent order overruling his motion to vacate the summary judgment. We conclude neither the summary judgment order nor the order overruling the motion to vacate is properly before us in this appeal.

On May 20, 2014, the district court entered its order granting summary judgment as to the questions of title and partition. There is no dispute that Gene did not appeal from that order within 30 days. Under *Peterson*, whether the May 20 order was final depends on whether ownership or title was disputed as the record stood at that time. Our review of the record convinces us it was not.

[8] At the summary judgment hearing, Gene did not contest ownership or title in any respect, but, rather, agreed ownership was as alleged by Marcia. Moreover, even if Gene's pro se answer could liberally be construed as disputing title, we recognized in *Sewall* that if the parties

> unite the issues and litigate the question of title and the right to partition at the same time, and the court determines both issues in the same judgment, such a judgment or order is only one step in the partition proceedings, is interlocutory in its nature, and cannot be reviewed until the final decree of partition, or until sale and confirmation.[32]

---

[32] *Sewall v. Whiton, supra* note 7, 85 Neb. at 479, 123 N.W. at 1043.

Here, the issues of title and partition were presented simultaneously to the district court on summary judgment without objection and the issues were determined by the court in a single order, so "the parties should be held to have waived their right to appeal [the title determination] before the partition is completed."[33]

This is not a case which falls, either procedurally or factually, into the third *Peterson* category. And whether it falls into the first or second categories is not dispositive because, either way, under the rules announced in *Peterson* and *Sewall*, there can be no final order or judgment until the partition action is complete. To the extent Gene desires appellate review of the district court's summary judgment rulings on the issues of title and partition, such review, if it is to occur, must wait until the partition action is completed.[34]

Finally, we note Gene assigns error to the district court's overruling of his motion to vacate the May 20, 2014, summary judgment order. This assigned error was the subject of Gene's first appeal, which was dismissed by the Court of Appeals for lack of a final order. Gene did not seek further review of that dismissal, and we will not, in his current appeal, revisit the issue.

## CONCLUSION

For the foregoing reasons, we conclude Gene has appealed from a nonfinal order and we must dismiss the appeal.

APPEAL DISMISSED.

CONNOLLY, J., not participating in the decision.

---

[33] See *Peterson v. Damoude, supra* note 6, 95 Neb. at 471, 145 N.W. at 848. See, also, *Sewall v. Whiton, supra* note 7.

[34] See *id.*