Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/27/2017 09:08 AM CST

- 639 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

Guardian Tax Partners, Inc., a Nebraska corporation,
appellee, v. Skrupa Investment Company,
a Nebraska corporation, appellant, and
Frank S. Skrupa et al., appellees.

___ N.W.2d ___

Filed January 27, 2017.    No. S-15-999.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Final Orders: Appeal and Error.** A trial court's decision to certify a
   final judgment pursuant to Neb. Rev. Stat. § 25-1315(1) (Reissue 2016)
   is reviewed for an abuse of discretion.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the matter before it.
4. **Jurisdiction: Final Orders: Time: Notice: Appeal and Error.** In order
   to vest an appellate court with jurisdiction, a notice of appeal must be
   filed within 30 days of the entry of the final order.
5. **Final Orders: Appeal and Error.** To be appealable, an order must sat-
   isfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue
   2016) and, additionally, where implicated, Neb. Rev. Stat. § 25-1315(1)
   (Reissue 2016).
6. **Partition: Final Orders.** When a partition action involves a dispute
   over ownership or title as well as a dispute over the method of parti-
   tion, the parties have a right to have title determined first, and, if they
   elect to do so, an order resolving only the title dispute is a final, appeal-
   able order.
7. **Summary Judgment: Final Orders.** Partial summary judgments are
   usually considered interlocutory. They must ordinarily dispose of the
   whole merits of the case to be considered final.
8. **Actions: Partition.** Partition actions are unique in that when title is
   contested, the action has two distinct stages: first, the title determination
   and, second, the division of the real estate, i.e., the "partition."

- 640 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
295 NEBRASKA REPORTS
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

9. **Actions: Parties: Final Orders: Appeal and Error.** With the enactment of Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2016) as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.

10. **Actions.** Whether more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate causes of action could be maintained for separate relief.

11. **Final Orders: Time: Appeal and Error.** An appeal must be filed within 30 days of the final order from which an appeal is taken.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Appeal dismissed.

Kristopher J. Covi and Jay D. Koehn, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

Steven G. Ranum, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee Guardian Tax Partners, Inc.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

The district court entered a judgment in partition,[1] albeit one styled as a partial summary judgment order, confirming ownership shares and implicitly directing partition to be made. More than 30 days later, a party obtained the court's

---

[1] See Neb. Rev. Stat. § 25-2179 (Reissue 2016).

certification of the order as final under the statute govern-
ing cases involving multiple claims or parties.[2] Because the
partition presented only a single cause of action and the order
settled the title claims of all parties, the statute was not impli-
cated and the appeal time ran from the entry of the order. We
therefore lack jurisdiction and dismiss the appeal.

## BACKGROUND

At a treasurer's tax sale, Guardian Tax Partners, Inc.
(Guardian), purchased a 1-percent interest in certain Douglas
County real estate owned by Skrupa Investment Company
(Skrupa Investment). Later, Guardian obtained and recorded a
treasurer's tax deed to the 1-percent interest in the real estate.

Guardian then filed a complaint for partition against Skrupa
Investment, alleging that Guardian owned 1 percent and Skrupa
Investment owned 99 percent. The complaint also named as
defendants Frank Skrupa (using three versions of his name with
different middle initials) and Mary A. Skrupa, and asserted that
Frank and Mary may claim an interest in the real estate. And
the complaint also included the usual formulation for unknown
persons as additional parties. Mary and the unknown parties
were served by publication.

Skrupa Investment and Frank filed an answer, alleging that
Guardian's tax deed was invalid because of Guardian's failure
to comply with certain statutory notice requirements. With the
answer, Skrupa Investment (but not Frank) filed a counterclaim
to quiet title, claiming 100-percent interest in the property. The
title determination depended upon whether Guardian possessed
a valid tax deed, which, in turn, depended upon whether it gave
the required statutory notice to the record owner.

Guardian filed a "Motion for Partial Summary Judgment" on
Skrupa Investment's counterclaim and on the issue of whether
Guardian had a valid tax deed. After a hearing, the district
court entered an order on July 24, 2015, finding that the tax

---

[2] Neb. Rev. Stat. § 25-1315 (Reissue 2016).

deed was valid "regardless of whether [Skrupa Investment] successfully rebutted the presumption of the Tax Deed's validity, [because Guardian] complied with all of the necessary statutory requirements." Thus, the July 24 order resolved all title issues and determined that Guardian owned a 1-percent interest and Skrupa Investment owned a 99-percent interest in the real estate.

On the 28th day after entry of the July 24, 2015, order, Skrupa Investment filed a motion asking the court to certify the July 24 order as a final order pursuant to § 25-1315. After a hearing, the court sustained the motion, certifying the July 24 order as a final and appealable order. Both the hearing and entry of the certification order occurred more than 30 days after July 24. The court found that the July 24 order had determined title to the real estate and left nothing to the court but partition and the sale of real estate. The court additionally found no just reason for delay, noting "if the reviewing court reverses the Court's . . . Order post-sale, the invalidation of the Tax Deed at issue would even be effective as to a purchaser for value at the partition sale."

Skrupa Investment appealed from the order that certified the July 24, 2015, order. We moved the appeal to our docket.[3]

ASSIGNMENTS OF ERROR

Skrupa Investment assigns, restated, that the district court erred in (1) deciding as a matter of law that the tax deed was valid, (2) deciding that Guardian complied with the required statutory notice provisions, and (3) granting Guardian's motion for partial summary judgment.

STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[4] A trial court's decision to certify a final

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[4] *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

- 643 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

judgment pursuant to § 25-1315(1) is reviewed for an abuse of discretion.[5]

## ANALYSIS

[3-5] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order.[7] To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue 2016) and, additionally, where implicated, § 25-1315(1).[8] At oral argument, the parties seemed to concede that the July 24, 2015, order would have been appealable under our partition jurisprudence. Thus, the question is whether § 25-1315(1) was implicated—in other words, whether the adoption of § 25-1315 modified our case law governing the finality of partition judgments and orders. Before turning to that question, we recall our past cases addressing final orders in partition actions.

### Finality of July 24, 2015, Order

For over 100 years, our decision in *Peterson v. Damoude*[9] has stood as the seminal case on the issue of appealability of orders in a partition action. In that case, we explained that the appealability of orders in partition actions depends on the nature of the controversy resolved and that such orders can be arranged into three classes:

(1) Where there is no controversy as to the ownership of the property in common and the right of partition, but the controversy is as to something relating to

---

[5] *Castellar Partners v. AMP Limited*, 291 Neb. 163, 864 N.W.2d 391 (2015).

[6] *Id.*

[7] *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011).

[8] *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007).

[9] *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914).

- 644 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

the partition, as whether the property can be equitably divided or must be sold, one party contending that it can be equitably divided and asking for a distinct portion of the property, and the other party contending that it cannot be equitably divided and asking that the whole property be sold, or some similar controversy in regard to the partition itself. When that is the case, the partition alone is the subject of litigation, and of course is not final until the partition is made.

(2) The second class is where there is the same issue as above indicated as to the method of partition, and at the same time a distinct issue as to the title and ownership of the property. In such cases the parties would have a right to have their title first tried and determined, and, if that was done, the order thereon would be a final order, within the *per curiam* in [*Sewall v. Whiton*[10]], but if the matter is tried to the court, and the parties do not ask that their title be first determined, and there is no indication that the court proceeded first to determine the title, the parties should be held to have waived their right to appeal before the partition is completed.

(3) The third class is where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined. In such case there can be no doubt under the *per curiam* in the *Sewall* case that, when that question is determined, such determination is a final order, within the meaning of the statute, and is appealable.[11]

[6] We have not strayed from applying *Peterson v. Damoude* to determine when orders in partition actions are final and appealable. And we recently adhered to this framework.[12] We reiterated that when a partition action involves a dispute over

---

[10] *Sewall v. Whiton*, 85 Neb. 478, 123 N.W. 1042 (1909).

[11] *Peterson v. Damoude, supra* note 9, 95 Neb. at 471, 145 N.W. at 848.

[12] See *Schlake v. Schlake*, 294 Neb. 755, 885 N.W.2d 15 (2016).

- 645 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order.[13] This is consistent with the statutory scheme in partition actions, which contemplates the rendition of a "judgment" after "all the shares and interests of the parties have been settled in any of the methods aforesaid."[14] We have recognized that one of these "methods" is a trial upon issues joined in the pleadings.[15] The pleadings, where not denied or contradicted, provide another "method."[16] Summary judgment provides another method for determining title under very limited circumstances, where there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[17]

In *Schlake v. Schlake*,[18] we described the title determination phase of a partition action as a special proceeding. This is consistent with the nomenclature of *Peterson v. Damoude*. But practitioners should not assume this description will apply to every title determination in a partition action. Section 25-2179 makes it clear that the title determination phase of a partition action is concluded only after "*all* the shares and interests of the parties have been settled." (Emphasis supplied.) Here, the July 24, 2015, order "settled" all of the parties' shares and interests. Another partition case might present multiple disputes of title. It is likely that the second *Peterson* category would not apply until all of the title disputes were determined. Thus, the *Peterson* language harmonizes the final

---

[13] *Id.*

[14] § 25-2179.

[15] See *Fairley v. Kemper*, 174 Neb. 565, 118 N.W.2d 754 (1962).

[16] See Neb. Rev. Stat. § 25-2178 (Reissue 2016).

[17] See *Board of Trustees v. City of Omaha*, 289 Neb. 993, 858 N.W.2d 186 (2015).

[18] *Schlake v. Schlake, supra* note 12.

- 646 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

order language of § 25-1902 with the partition procedure mandated by § 25-2179.

In reviewing the categories enumerated in *Peterson v. Damoude*, it is clear that the July 24, 2015, order falls within the second class. The parties contest both the partition itself and the title and ownership of the property. Guardian properly requested that the district court resolve the sole issue of title and ownership first in its "motion for partial summary judgment." And, the district court did just that. Accordingly, the July 24 order determining the title of the property was a final order.

[7,8] We note that our analysis under *Peterson v. Damoude* does not change, even though the relevant order resulted from a "motion for partial summary judgment." It is true that partial summary judgments are usually considered interlocutory.[19] They must ordinarily dispose of the whole merits of the case to be considered final.[20] However, partition actions are unique in that when title is contested, the action has two distinct stages: first, the title determination, and second, the division of the real estate, i.e., the "partition." The July 24, 2015, order resolved the first stage of this partition action and disposed of all matters at issue in that stage. Accordingly, the district court did not err in concluding that it was a final order within the second class of orders in *Peterson v. Damoude*.

But the district court also determined that § 25-1315 was implicated because it was a case involving multiple causes of action or multiple parties. The court did not explain its reasoning in determining that the case involved multiple causes of action or multiple parties. And the parties disagree as to whether the district court could properly certify the July 24, 2015, order as a final, appealable order pursuant to § 25-1315(1). Therefore, we next consider whether § 25-1315 was in fact implicated.

---

[19] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[20] *Id.*

Applicability of § 25-1315

[9] With the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a final order within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal.[21] We have not yet addressed how the enactment of § 25-1315 affects the rules for the appealability of orders in partition actions outlined in *Peterson v. Damoude*.

Section 25-1315 is implicated where there are multiple causes of action or multiple parties and the court enters a final order as to one or more but *fewer than all* of the causes of action or parties. We first discuss multiple parties and then turn to multiple causes of action.

Although there were multiple parties, the July 24, 2015, order completely determined the title dispute as to all of them. The named defendants included Skrupa Investment, Frank, Mary, and the unknown persons. However, the court entered a final order as to the rights and liabilities of all the parties in determining the title of the property. In holding that Skrupa Investment had a 99-percent interest and Guardian had a 1-percent interest in the property, the court not only completely determined their ownership shares but effectively held that the other named and unknown parties had no interest in the property. In other words, even though the judgment in partition was styled as a partial summary judgment, it disposed of the title claims of all parties. It did not "adjudicate . . . the rights and liabilities of *fewer than all* the parties."[22]

And we are not persuaded that there was more than one cause of action present in the case. Skrupa Investment contends

---

[21] *Castellar Partners v. AMP Limited, supra* note 5.

[22] § 25-1315(1) (emphasis supplied).

that § 25-1315 applies because there are multiple causes of action present and argues that its counterclaim for quiet title is a separate cause of action from the partition. In its reply brief, it cites to *Sewall v. Whiton* to support its proposition that quiet title is a separate cause of action because "if partition is denied because the plaintiff cannot establish clear title, another cause of action must be maintained to clear the title, then the plaintiff may resume the partition action."[23]

We do not find this argument persuasive for two reasons. First, our per curiam opinion in *Sewall v. Whiton* clearly held the contrary and stated that if "the parties unite the issues and litigate the question of title and the right to partition at the same time, and the court determines both questions in the same judgment, such a judgment or order is only one step in the partition proceedings."[24] This was later classified as the second class of partition actions in *Peterson v. Damoude*. And, in asserting its action to quiet title as a counterclaim, Skrupa Investment united the issue of its right to quiet title with Guardian's right to partition.

[10] Second, we do not find more than one cause of action because, in this case, recovery on the quiet title claim would have barred recovery on the complaint for partition. Whether more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate causes of action could be maintained for separate relief.[25] Here, if Skrupa Investment prevailed in quiet title, it would likewise prevail against Guardian's complaint for partition because the same facts were at issue for both claims. Thus,

---

[23] Reply brief for appellant at 4.

[24] *Sewall v. Whiton, supra* note 10, 85 Neb. at 479, 123 N.W. at 1043.

[25] *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008).

- 649 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
GUARDIAN TAX PARTNERS v. SKRUPA INVEST. CO.
Cite as 295 Neb. 639

the claim to quiet title was not a separate cause of action from the partition.

Moreover, we observe that in enacting § 25-1315, the Legislature did not amend the partition statutes or attempt to change the effect of our prior jurisprudence. Both before and after the adoption of that statute, § 25-2179 characterized the settlement of the parties' ownership interests as a "judgment" and our case law characterizes the order as a final order. Had the Legislature intended to change the well-settled law governing finality of partition judgments and orders, it would have done so explicitly.

[11] For these reasons, it is clear that the July 24, 2015, order was a final order under § 25-1902 and did not implicate § 25-1315. Accordingly, the July 24 order was the final order from which Skrupa Investment should have appealed. An appeal must be filed within 30 days of the final order from which an appeal is taken.[26] Skrupa Investment appealed 94 days after its entry. Therefore, the appeal was out of time.

## CONCLUSION

Because we find that the July 24, 2015, order was a final, appealable order not subject to certification under § 25-1315, Skrupa Investment's appeal was out of time. We conclude that we lack jurisdiction and must dismiss the appeal.

Appeal dismissed.

---

[26] See *Goodman v. City of Omaha*, 274 Neb. 539, 742 N.W.2d 26 (2007).