WILLIAM BECK ET AL., APPELLEES, v. KATHERINE TRAPP ET AL., APPELLANTS.

FILED NOVEMBER 1, 1919. No. 20568.

1. **Appeal: TIME: PARTITION.** Where there is a conflict as to title in partition proceedings, and issues are framed, a trial had, and a final decree quieting the title rendered, parties desiring to appeal from the decision on this question must do so within the statutory time after such decree is rendered. *Peterson v. Damoude*, 95 Neb. 469.

2. ———: ———: **ORDER OF CONFIRMATION.** In such case an appeal from an order of confirmation of sale, taken more than a year after the decree quieting title, does not bring up the issues as to title.

3. ———: ———: **TITLE.** And where the only controversy in such an appeal is upon the title, and not upon the partition proceedings, an appeal from the order of confirmation will be dismissed.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Appeal dismissed.*

*Harry A. Reese* and *Reed & Gill,* for appellants.

*M. B. Foster* and *Dowling, Warner & Moyer, contra.*

LETTON, J.

This action was begun for the purpose of procuring a partition of certain real estate. The title of plaintiffs to any interest in the land was denied by defendants. The district court therefore ordered that hearing on the petition for partition be held in abeyance until the title was determined, and that pleadings upon that issue be filed. This was done by the filing of an amended and supplemental petition, and of separate answers and replies.

Trial was had upon the issue of title. The court found that plaintiffs were the owners of an interest in the lands, as they alleged in the petition, quieted their title to the same, caused an accounting to be had of the rents and profits due them, and rendered judgment for the amount found due. It also ascertained and decreed the respective interests of defendants in the premises, and directed that the lands be partitioned. This decree was rendered on February 8, 1916. A commission was issued to a referee to make partition in accordance with the decree. He reported that partition could not be made without prejudice to the owners, and on May 16, 1916, the land was ordered sold. On June 29, 1916, an appeal bond was filed, which recited the rendition of the decree; that upon a report of the referee that the lands could not be partitioned without damage to the estate, the court ordered them sold; and that defendants intend to appeal the case. The bond was conditioned to pay the condemnation money and costs, and against waste.

On account of the threatened appeal, the referee took no action, and on September 26, 1916, plaintiffs

moved the court to direct the referee to sell the land, and the court so directed. This was done, and the sale was confirmed on December 12, 1917. This appeal is from that decree.

Defendants contend that this appeal, taken after the order of confirmation, is sufficient to warrant a review of the entire case, including the proceedings to determine the title, while plaintiffs maintain that the appeal upon the question of title should not be entertained, because not taken within the time limited by the statute.

The real controversy in this action is upon the question of title. The partition prayed for is only incidental. If the plaintiffs did not succeed in establishing their title, they would have no right to partition. Prior to 1914, the proper practice as to appeals in such cases was not clear. In *Peterson v. Damoude,* 95 Neb. 469, the method of procedure to be followed in the case of appeals in partition suits involving issues of title was considered, the former decisions of the court were reviewed and distinguished, and the proper rule laid down. In that case, as in this, the real controversy was upon the question of title, which depended upon the construction of a will, and partition was only incidental. An appeal was taken when the question of title was determined by decree and before partition. It is said in the opinion, after pointing out that in such proceedings there are three classes of cases: "The third class is where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined. In such case there can be no doubt under the *per curiam* in the *Sewall* case that, when that question is determined, such determination is a final order, within the meaning of the statute, and is appealable." After stating the proceedings and issues in that case, the opinion proceeds: "The sole matter contested was the construction and effect of the will; there being no contest as to the partition if the will is construed as the plain-

tiffs contend. This brings the case within the third class above indicated as the law is announced in *Sewall v. Whiton,* 85 Neb. 478. The order construing the will determined the whole controversy. It follows that the order complained of is final, within the meaning of the statute, and the motion to dismiss the appeal is overruled.''

The decree settling the question of title in the case at bar ''determined the whole controversy,'' and the appeal should have been taken within the proper time from the rendition of that decree. To hold otherwise would result, in many cases, in unjustifiable delay. In this case the final determination was postponed by the interval of time elapsing between February 8, 1916, and December 12, 1917, a period of nearly two years. It is to the interest of the public as well as of the parties immediately concerned that such controversies be ended as speedily as the law will allow. We adhere to the rule laid down in the *Peterson* case.

A motion for a new trial was filed on February 10, 1916, and, so far as the record shows, was never ruled upon. No attempt seems to have been made to call this motion up and have it passed upon, and no objection was made on the part of the defendants to the order appointing the referee, or to the sale or confirmation on the ground that this motion was still pending. Under these circumstances, we think defendants waived any objection to the proceedings based upon the failure to rule upon this motion. The appeal, not having been taken in time, is dismissed.,

APPEAL DISMISSED.

SEDGWICK, J., not sitting.