Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/19/2022 08:08 AM CDT

Barbara J. Humphrey, appellee, v.
Edward J. Smith and Dora
Prosolow, appellants.

___ N.W.2d ___

Filed May 27, 2022.    No. S-21-131.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.

2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. ____: ____. An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.

4. **Appeal and Error.** Appellate review of a district court's use of inherent power is for an abuse of discretion.

5. ____. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

6. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

7. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.

8. **Summary Judgment: Final Orders: Partition.** Although partial summary judgments are usually considered interlocutory and must ordinarily dispose of the whole merits of the case to be considered final, partition actions are unique in that the action has two distinct stages: first,

the title determination and, second, the division of the real estate, i.e., the "partition."

9. **Partition: Final Orders: Appeal and Error.** When the dispute in a partition action is over the partition itself rather than ownership or title, there is no final, appealable order until the partition is made.

10. \_\_\_\_: \_\_\_\_: \_\_\_\_. When a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order.

11. \_\_\_\_: \_\_\_\_: \_\_\_\_. When the only issue in a partition action depends on ownership and the nature of the title, an order determining that issue is a final, appealable order.

12. **Summary Judgment.** Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

13. **Rules of the Supreme Court: Summary Judgment: Appeal and Error.** In the context of Neb. Ct. R. § 6-1526, trial courts should have some discretion to adapt procedures to the needs of a particular case, and an appellate court will not intervene except where the discretion is abused.

14. **Summary Judgment.** In the summary judgment context, a fact is material only if it would affect the outcome of the case.

15. **Equity: Intent.** A court of equity will consider the purpose and not the form, and the particular form or words of a conveyance are unimportant if the intention of the parties can be ascertained.

16. **Deeds: Mortgages: Intent.** A deed of real estate, absolute in form, may be shown by parol to have been intended by the parties to it as security for a debt or loan, and as between such parties, at least, the instrument will be construed to be a mortgage.

17. **Unjust Enrichment.** Unjust enrichment claims are viable only in limited circumstances, and the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach.

18. **Appeal and Error.** An appellee may not question a portion of a judgment at issue on appeal unless the appellee properly raises the issue by filing a cross-appeal.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed in part, and in part reversed and remanded with directions.

Judith A. Wells, of Law Office of Judith A. Wells, and Darnetta L. Hunter for appellants.

Matthew P. Saathoff and Katherine A. Rehan, of Saathoff Law Group, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Donald Humphrey and Edward J. Smith purchased a house together. Donald paid a portion of the purchase price of the home, which the parties agreed was to be a loan. Donald and Smith had a written loan agreement, wherein they agreed that Donald would remove his name from the property's ownership once the loan was repaid. After Donald died, his wife, Barbara J. Humphrey, filed a complaint for partition of the property, contending she and Smith were tenants in common. Smith countered that before Donald died, he orally forgave the remainder of the loan, leaving Smith as the sole owner of the property.

The district court for Douglas County, Nebraska, granted Barbara's motion for summary judgment as to partition, but denied her motion for summary judgment as to unjust enrichment. The court also denied Smith's motion for summary judgment as to his counterclaim for unjust enrichment claim. For reasons set forth herein, we affirm in part, and in part reverse and remand with directions consistent with this opinion.

## BACKGROUND

### Loan

The real estate at issue is a single family dwelling located on North Ridge Drive in Omaha, Nebraska (the Home). In 2015, Donald and Smith purchased the Home for $35,000. Both Donald and Smith were listed as purchasers on the purchase agreement and as grantees on a special warranty deed

to the Home. Donald paid approximately $25,000 toward the purchase of the Home, which, all parties agree, was a loan (the Loan). In order to arrange for the repayment of the Loan, Donald and Smith entered into a loan agreement, which provided, in part:

Smith found [the Home] to serve as a personal residence for him.

. . . .

[Donald's] name is added to the property's ownership as a way to secure repayment of the $25,192.92 loan made to . . . Smith, while [he] lives on the property as his permanent residence.

After . . . Smith repays Donald . . . the loan, [Donald's] name will be removed from the property's ownership leaving . . . Smith as the sole owner of [the Home]. This agreement also states that if the inevitable or unavoidable should happen to Donald . . . then his interest in the above-mentioned property shall fall to Barbara . . . but only until the lack [sic] portions of the $25,219.92 loan is repaid. Once the loan is paid in full, then Smith takes full ownership of the [Home].

From approximately December 2015 until 2018, Smith made monthly payments toward the Loan pursuant to their agreement. Eventually, Smith stopped making payments, because he claimed that Donald forgave the Loan in June or July 2018. Smith's partner, Dora Prosolow, also testified to hearing Donald orally forgive the Loan in June or July 2018. Accordingly, Smith did not make any payments toward the Loan in June or July of that year. However, the last recorded payment was dated August 3, 2018, and was for "Loan Repayment on House." Donald died on August 24, 2018. Although Smith and Prosolow (collectively Appellants) are still residing in the Home, they have not paid rent or made any payments toward the Loan since the last recorded payment. Barbara refutes the allegation that Donald forgave the Loan and claims a balance remains on the Loan in the amount of $16,126.11.

COURT PROCEEDINGS

After Donald's death, Barbara filed an affidavit for transfer of real property without probate with the Douglas County register of deeds. The affidavit purported to transfer Donald's interest in the Home to Barbara. The affidavit stated, "The deceased is the sole owner of the real property described as *An undivided 1/2 interest* in Lot 16, Dillons 11th Addition . . . ." A title and escrow report further listed Barbara and Smith as the vested titleholders of the Home.

Barbara then filed a complaint for partition in the district court, requesting that a referee be appointed to conduct a sale and to divide the proceeds between herself and Smith according to their respective ownership interests. Barbara also requested that the court permanently enjoin Appellants from possessing the home. Barbara further alleged that Appellants had been unjustly enriched, because they have enjoyed the benefits of living in the Home without paying rent, and that therefore, Barbara was entitled to those lost rents.

Appellants filed an answer, denying most of the allegations in the complaint. Smith also filed a counterclaim alleging that the Humphreys were unjustly enriched because he performed work for them for which he was not adequately compensated. Although Smith concedes that the Humphreys paid him for the work at the agreed-upon wage, he nevertheless argues that the amount paid was less than what he should have received and that he lost $136,000 in unpaid services.

Barbara filed her motion for summary judgment on her complaint and on Smith's counterclaim. In support of her motion, Barbara filed a statement of undisputed facts, along with an evidence index. Appellants did not file an opposition to summary judgment or a statement of disputed facts. However, Appellants did file a motion to dismiss with prejudice, with several accompanying pleadings in support of said motion, including "Defendant's Evidence of Forgery," "Defendant's Evidence of Adverse Possession," and "Defendant's Evidence of Bias and Prejudice." In response, Barbara

filed a motion to strike the pleadings for failure to comply with Neb. Ct. R. § 6-1526(B)(1) and (2), which requires a party to file an evidence index and an annotated statement of disputed facts when opposing a motion for summary judgment.

At the hearing on the motion for summary judgment, Appellants offered several exhibits into evidence which were received over Barbara's objections. After the hearing, the district court granted the motion for summary judgment in part and denied it in part. Specifically, the court determined that the evidence indisputably showed that Barbara and Smith owned the Home as tenants in common and that as a result, Barbara was entitled to a partition as a matter of law. The court also granted summary judgment on Smith's unjust enrichment counterclaim, finding that the evidence indisputably showed that Smith and the Humphreys agreed to an hourly wage and that the Humphreys paid Smith all amounts due under the agreement. However, the court determined that Barbara was not entitled to summary judgment on her claim for unjust enrichment for lost rent, because there was a factual dispute as to whether the loan had been forgiven. Additionally, the court declined to rule on Barbara's request for attorney fees pursuant to Neb. Rev. Stat. § 25-2179 (Reissue 2016).

The court ultimately found that a referee should be appointed to conduct a partition of the Home and that if the Home was to be sold at a referee's sale, Barbara and Smith would each be entitled to 50 percent of the proceeds. The court stated, "Smith's share will be offset by either (1) the unpaid balance of the Loan or (2) half the rental value of the Home for the period that [Appellants] have occupied it since they last made a monthly payment." Appellants filed a timely appeal.

## ASSIGNMENTS OF ERROR

Appellants assign three errors, but they can be summed up as asserting the district court erred in finding that there was no issue of disputed fact as to whether Barbara and Smith

owned the property as tenants in common and that based on those undisputed facts, Barbara was entitled to partition as a matter of law.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[1]

[2,3] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.[2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.[3]

[4] Appellate review of a district court's use of inherent power is for an abuse of discretion.[4]

[5] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[5]

## ANALYSIS

### Jurisdiction

[6-8] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] For an appellate

---

[1] *Schlake v. Schlake*, 294 Neb. 755, 885 N.W.2d 15 (2016).

[2] *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020).

[3] *Id*.

[4] *Id*.

[5] *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021), *disapproved on other grounds, Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022).

[6] *Schlake, supra* note 1.

court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.[7] Although partial summary judgments are usually considered interlocutory and must ordinarily dispose of the whole merits of the case to be considered final, partition actions are unique in that the action has two distinct stages: first, the title determination and, second, the division of the real estate, i.e., the "partition."[8]

The seminal case on the issue of the appealability of orders in a partition action is *Peterson v. Damoude*.[9] In that case, we explained that the appealability of orders in partition actions depends on the nature of the controversy resolved and that such orders can be arranged into three classes:

(1) Where there is no controversy as to the ownership of the property in common and the right of partition, but the controversy is as to something relating to the partition, as whether the property can be equitably divided or must be sold, one party contending that it can be equitably divided and asking for a distinct portion of the property, and the other party contending that it cannot be equitably divided and asking that the whole property be sold, or some similar controversy in regard to the partition itself. When that is the case, the partition alone is the subject of litigation, and of course is not final until the partition is made.

(2) The second class is where there is the same issue as above indicated as to the method of partition, and at the same time a distinct issue as to the title and ownership of the property. In such cases the parties would have a right to have their title first tried and determined, and, if that was done, the order thereon would be a final

---

[7] *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004).

[8] *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[9] *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914).

order, . . . but if the matter is tried to the court, and the parties do not ask that their title be first determined, and there is no indication that the court proceeded first to determine the title, the parties should be held to have waived their right to appeal before the partition is completed.

(3) The third class is where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined. In such case there can be no doubt . . . that, when that question is determined, such determination is a final order, within the meaning of the statute, and is appealable.[10]

[9-11] Put differently, when the dispute in a partition action is over the partition itself rather than ownership or title, there is no final, appealable order until the partition is made.[11] When a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order.[12] When the only issue in a partition action depends on ownership and the nature of the title, an order determining that issue is a final, appealable order.[13]

In *Peterson*, the petition alleged that a decedent's will disposed of certain real estate, prayed that the court construe the will "'with reference to the right of the plaintiffs to have partition and division of said premises,'" and asked the court to quiet title in the plaintiffs.[14] On appeal, this court recognized that the "sole matter contested was the construction and effect of the will; there being no contest as to the partition if the

---

[10] *Id.* at 471, 145 N.W. at 848, citing *Sewell v. Whiton*, 85 Neb. 478, 123 N.W. 1042 (1909).

[11] *Schlake, supra* note 1.

[12] *Id.*

[13] *Id.*

[14] *Peterson, supra* note 9, 95 Neb. at 472, 145 N.W. at 848.

will is construed as the plaintiffs contend."[15] Thus, because the order construing the will determined the whole controversy, we determined that the case fell within the third class and concluded that the district court's order was final.

Then, in *Beck v. Trapp*,[16] another partition case, the district court found, in part, that the plaintiffs were the owners of the land and quieted their title to the same. The court also determined the respective interests of the defendants and directed that the lands be partitioned. Subsequently, the appointed referee reported that partition could not be made without prejudice to the owners. Accordingly, the land was sold. On appeal, we determined that the case came within the third *Peterson* class, because "[t]he decree settling the question of title in the case at bar 'determined the whole controversy.' . . ."[17] In making this determination, we recognized that the real controversy in the action was the issue of title and that the partition prayed for was only incidental, because "[i]f the plaintiffs did not succeed in establishing their title, they would have no right to partition."[18]

We have consistently applied the three classes set out in *Peterson* to determine when and under what circumstances orders in partition actions are final and appealable, and we conclude it is applicable here as well. As an initial matter, we first note that this case does not fall into either the first or second *Peterson* class, because the parties do not contest the method of partition. Barbara's complaint asserts that a sale of the Home is necessary because the Home is not susceptible to a partition in kind. Appellants generally deny this allegation in their answer, but fail to assert what they believe is the appropriate method of partition. Further, in his deposition, Smith appeared to concede that if the Home is subject to a

---

[15] *Id.*

[16] *Beck v. Trapp*, 103 Neb. 832, 174 N.W. 610 (1919).

[17] *Id.* at 835, 174 N.W. at 611.

[18] *Id.* at 834, 174 N.W. at 610.

partition, the appropriate method would be a referee sale of
the Home.

The real controversy in this case is the issue of title, and the
partition is incidental to the issue of title. If Barbara does not
succeed in establishing her title, she has no right to partition.
If Barbara does succeed in establishing her title, the parties
seem to agree that a referee's sale is appropriate. Accordingly,
this brings the case within the third *Peterson* class, because the
order settling the question of title "determined the whole con-
troversy," and, as such, we find that the district court's order is
final and appealable.

## Summary Judgment

Appellants assert that there exist genuine disputes of mate-
rial fact concerning the parties' respective titles to the Home
and that therefore, summary judgment was not appropriate.
Upon our review of the record, we agree.

[12] Summary judgment is proper when the pleadings and
the evidence admitted at the hearing disclose that there is no
genuine issue as to any material facts or as to the ultimate
inferences that may be drawn from those facts and that the
moving party is entitled to judgment as a matter of law.[19] The
evidence that may be received on a motion for summary judg-
ment includes depositions, answers to interrogatories, admis-
sions, stipulations, and affidavits.[20]

Before we consider whether Barbara's motion for summary
judgment should have been entered, we must first consider
the possible implications of Appellants' failure to file an
evidence index and an annotated statement of disputed facts,
as required by § 6-1526 in opposition to the motion. At the
summary judgment hearing, Appellants offered, and the court
received, several exhibits into evidence. Appellants also made
certain arguments in support of their opposition to summary

[19] *Brown v. Morello*, 308 Neb. 968, 957 N.W.2d 884 (2021).

[20] *Bohling, supra* note 2.

judgment. Barbara contends that Appellants' evidence and arguments made in opposition to her summary judgment motion should be disregarded because Appellants failed to comply with § 6-1526. We disagree.

[13] In a recent case, we identified three reasons for § 6-1526, namely, to benefit the parties by making their claims as to disputed and undisputed facts clear and precise, to serve the courts by exposing the precise claims of the parties, and to focus the parties and the court on the specific factual contentions.[21] We noted, however, that in the context of § 6-1526, trial courts should have some discretion to adapt procedures to the needs of a particular case, and an appellate court will not intervene except where the discretion is abused.[22]

Here, the issues and facts raised and contested by Appellants were made clear by their "Evidence of Frivolous in Support of Motion and Notice for Dismissal" and "Evidence Index in Support of Their Motion to Dismiss Without Prejudice." As such, we find no abuse of discretion in the court's allowing Appellants to proceed with offering evidence notwithstanding their failure to comply with the summary judgment rule. But, we caution that trial courts should not condone a party's failure to follow § 6-1526 merely because the party finds it inconvenient or unfamiliar.[23] Instead, courts should set deadlines in compliance with the rule and require parties to submit necessary materials.[24]

Now turning to the appropriateness of granting summary judgment, we note that the method of partition was never in question and we discern no genuine issue of material fact regarding that issue. We therefore focus our analysis on whether the district court erred in granting summary

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id*.

judgment in favor of Barbara on the contested issue of title, specifically whether Donald forgave the Loan.

As noted, it is undisputed that the $25,000 Donald paid toward the purchase price of the Home was a loan and that upon repayment of the Loan, Donald would relinquish his ownership interest in the Home, leaving Smith as the sole owner. Thus, if the allegation that Donald forgave the Loan is true, it would necessarily follow that Smith is the sole owner of the Home and that Barbara does not have a right to partition.

Despite Barbara's argument that the Loan was not forgiven, the evidence adduced at the summary judgment hearing demonstrated that Donald may have made an affirmative representation to Appellants that he would forgive the remaining balance on the Loan. At the hearing, transcripts from both Smith's and Prosolow's depositions were received into evidence. According to Smith's deposition, Donald forgave the loan in June or July 2018. This was corroborated by Prosolow, who testified that sometime in July 2018, she overheard Donald tell Smith that "as long as you take care of [Barbara], that's all I want, then the loan is forgiven and you'll have the truck so that you can take care of her." Thus, there is a genuine dispute as to whether Donald forgave the loan.

Moreover, the district court itself seemed to recognize this factual dispute when it declined to grant summary judgment on Barbara's claim for unpaid rent, because it recognized that "there [was] conflicting evidence on this issue," because "[a] reasonable mind could conclude that, although Smith initially agreed to repay the Loan in full, it was later forgiven and Smith is no longer obligated to repay it." As such, summary judgment on the partition action was improper.

[14] We further acknowledge that in the summary judgment context, a fact is material only if it would affect the outcome of the case.[25] Thus, we find it important to address the district court's findings that even if the Loan was forgiven,

---

[25] *Brock v. Dunning*, 288 Neb. 909, 854 N.W.2d 275 (2014).

Donald retained his ownership interest in the Home because there is no evidence that he ever relinquished his ownership interest.

[15,16] It is a well-settled principle that a court of equity will consider the purpose and not the form, and that the particular form or words of a conveyance are unimportant if the intention of the parties can be ascertained.[26] Additionally, Neb. Rev. Stat. § 76-251 (Reissue 2018) states in part that "[e]very deed conveying real estate, which, by any other instrument in writing, shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage." Generally, a deed of real estate, absolute in form, may be shown by parol to have been intended by the parties to it as security for a debt or loan, and as between such parties, at least, the instrument will be construed to be a mortgage.[27]

Here, there is evidence that the special warranty deed was intended by the parties to be security for a loan, as evidenced by the loan agreement, record of payments, and the testimony of the parties. If the finder of fact determined such was true, the deed could be construed as a mortgage, and the finder of fact could then conclude that Donald's purported forgiveness of the Loan operated as a relinquishment of his ownership interest in the Home. As such, the question of whether the Loan was forgiven is a material issue of fact as it affects the determination of title and the outcome of the partition claim. Therefore, the district court erred in granting summary judgment in favor of Barbara on the issue of partition.

### Smith's Counterclaim

Appellants argue the district court erred in granting summary judgment in favor of Barbara on Smith's counterclaim, wherein he alleged that Barbara had been unjustly enriched

---

[26] *Koehn v. Koehn*, 164 Neb. 169, 81 N.W.2d 900 (1957).

[27] *Id*.

because the value of work he performed exceeded the amount he was paid. However, Appellants neither assigned nor sufficiently argued this error in their brief. It is a well-settled principle that to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[28] However, an appellate court may, at its discretion, notice a plain error not assigned.[29] Here, we choose to review for plain error, but find none. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[30]

[17] Though the record reflects that Smith agreed to work at various hourly wages, and that the Humphreys paid him what he was owed, Smith nevertheless argued that he should have been paid more based on what a contractor would charge for the same work. Unjust enrichment claims are viable only in limited circumstances, and the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach.[31] Though contract claims supersede unjust enrichment claims, a plaintiff is permitted to allege both, and when a plaintiff elects to do so, a court should address the contract claim first.[32]

We agree with the district court that as a matter of law, Smith is precluded from asserting an unjust enrichment claim, because it is undisputed that Smith agreed to work at an hourly wage and that the Humphreys paid him all amounts due under that agreement. Accordingly, we conclude the district court did not commit plain error in granting summary judgment in favor of Barbara on Smith's counterclaim.

---

[28] *Diamond v. State*, 302 Neb. 892, 926 N.W.2d 71 (2019).

[29] *In re Estate of Soule*, 248 Neb. 878, 540 N.W.2d 118 (1995).

[30] *Great Northern Ins. Co., supra* note 5.

[31] *DH-1, LLC v. City of Falls City*, 305 Neb. 23, 938 N.W.2d 319 (2020).

[32] *Id.*

### Barbara's Unjust Enrichment Claim

[18] In her brief, Barbara argues the court erred in denying her motion for summary judgment with respect to her unjust enrichment claim. In particular, Barbara contends that Appellants have been unjustly enriched by residing in the Home without paying rent. However, Barbara has not filed a cross-appeal, and, generally, an appellee may not question a portion of a judgment at issue on appeal unless the appellee properly raises the issue by filing a cross-appeal.[33] Moreover, the denial of a motion for summary judgment is typically an interlocutory order rather than a final order and thus not immediately appealable.[34] Accordingly, we decline to consider this argument.

### CONCLUSION

The portion of the district court's order granting summary judgment as to Barbara's partition claim is reversed and the cause is remanded with directions consistent with this opinion. In all other respects, the district court's order is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

---

[33] *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 419 N.W.2d 518 (1988).

[34] *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019).