IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


BAYLISS V. CLASON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


SUSAN J. BAYLISS, INDIVIDUALLY, AS COTRUSTEE OF THE CLASON LIVING TRUST DATED MARCH 31, 2008, AND AS TRUSTEE OF THE RUTH E. CLASON LIVING TRUST DATED JULY 13, 2011, APPELLEE,
V.
STEVEN E. CLASON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF F.W. EUGENE CLASON, DECEASED, APPELLANT.


Filed June 4, 2024.    No. A-23-557.


Appeal from the District Court for Furnas County: PATRICK M. HENG, Judge. Appeal dismissed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Jordan W. Adam, of Fraser Stryker, P.C., L.L.O., and Matthew D. Baack, of Skalka, Baack & Fiala, L.L.C., for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Steven E. Clason, individually and as personal representative of the estate of F.W. Eugene Clason, deceased, appeals from the Furnas County District Court's order granting partial summary judgment in favor of Susan J. Bayliss, individually, as cotrustee of the 2008 Clason Living Trust, and as trustee of the 2011 Ruth E. Clason Living Trust. For the reasons set forth herein, we dismiss this appeal for lack of jurisdiction.

### STATEMENT OF FACTS

This appeal is the latest in ongoing disputes between siblings concerning 2,347 acres of farmland accumulated by their parents F.W. Eugene Clason and Ruth E. Clason during the parents'

- 1 -

lifetimes. That farmland is now owned as follows: 247 acres are owned by the Estate of F.W. Eugene Clason (Eugene Acres); 40 acres are owned in undivided one-half interests by the Estate of F.W. Eugene Clason and the 2008 Clason Living Trust (referred to collectively as 2008 Trust Acres); and 2,100 acres are owned by the 2011 Ruth E. Clason Living Trust (2011 Trust Acres).

In January 2023, Bayliss, individually and as trustee of the 2008 Trust and the 2011 Trust, filed an action seeking for the court to enter an order, inter alia: (1) clarifying the shares and interests of the aforementioned farmland, appointing a referee, and ordering the partition of the aforementioned farmland; (2) allowing her to sell the farmland; and (3) providing for injunctive relief preventing interference with her management of the farmland. The complaint alleged that "[a]fter years of litigation involving the estates of Eugene and Ruth Clason, it has now been conclusively determined as a matter of law that Eugene's and Ruth's five adult children . . . are the sole beneficiaries of the estates of Eugene and Ruth Clason, including all real and personal property in those estates and all real and personal property in the 2008 and 2011 Trusts."

Bayliss filed a motion requesting that the court enter an order (1) granting her "partial summary judgment confirming the shares and interests" involving the aforementioned farmland, (2) appointing a referee to make a partition of the farmland, and (3) granting her the continuing right to manage the farmland until sold. Clason filed a motion to dismiss for lack of subject matter jurisdiction and/or the failure to state a claim upon which relief may be granted.

Following a hearing, as relevant to this appeal, the district court granted Bayliss' motion for partial summary judgment. The court clarified the ownership of the farmland and granted Bayliss' motion to appoint a referee "to make a recommendation as to whether any, or all, of the real estate may be partitioned in kind without great prejudice to the owners." The court's order specifically noted that "[a]t this time, it is unknown whether the real estate in question will be partitioned in kind or by sale." The court denied "[a]ll other requests, motions and objections not addressed in this Order" which, by its terms, included Clason's motion to dismiss. Clason timely appealed to this court.

After he appealed to this court, Clason filed a motion for partial dismissal of his appeal related "to the Subject Acres, and/or removing the Subject Acres as an issue in [his] appeal." His motion set forth that

> On September 15, 2023, Bayliss, Clason, and their [respective] counsel, reached an agreement to settle the pending disputes in Furnas County, Nebraska County Court Case PR 10-10, which agreement included going forward with the sale of the Eugene Acres and the 2011 Clason Trust 20 Acres. The parties' agreement also included, as a further term, that the parties "will make such stipulations, agreements, and filings as are necessary, through the Court of Appeals and/or the District Court, to have the Eugene [Acres] removed from the partition case [District Court] Case CI 23-1, as an issue." Also agreed was that the 2011 Clason Trust Acres would, at the same time, be sold.

The parties did not respond to an order to show cause issued by this court and the parties never requested this relief in the form of a joint motion or stipulation. That said, in the brief for appellee, Bayliss acknowledged that, after Clason filed this appeal,

the parties entered into a settlement in which they agreed to sell the Eugene Estate's 247 Acres and the 40 Acres via public auction and to deposit the proceeds from such sale into the County Court of Furnas County, Nebraska, where Eugene's Estate is pending. . . . Pursuant to the parties' settlement, the Eugene Estate's 247 Acres and the 40 Acres were sold to third-parties via public auction. December 5, 2023. . . . Bayliss requests that the Court of Appeals takes [sic] judicial notice of the Order filed on January 9, 2024, in Eugene's Estate.

Brief for appellee at 20.

## ASSIGNMENTS OF ERROR

On appeal, Clason contends that the district court erred in: (1) overruling his motion to dismiss; (2) granting Bayliss' motion for partial summary judgment regarding her request to sell the farmland and her request for injunctive relief; (3) determining that he was not an interested party to the proceedings; and (4) "its interpretation of the dispositive provisions of the Ruth E. Clason Living Trust dated July 13, 2011, which erroneous interpretation has resulted in a failure of the Court to require all interested and necessary parties to be given fair notice of the underlying proceedings." Brief for appellant at 7.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022). Whether Neb. Rev. Stat. § 25-1315 (Reissue 2016) is implicated in a case is a question of law which an appellate court considers de novo. *Mann v. Mann, supra*.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Castillo v. Libert Land Holdings 4*, 316 Neb. 287, 4 N.W.3d 377 (2024).

In *Humphrey v. Smith*, 311 Neb. 632, 974 N.W.2d 293 (2022), the Nebraska Supreme Court revisited the issue of the appealability of orders in partition actions. The court noted that orders in partition actions can be divided into three classes:

when the dispute in a partition action is over the partition itself rather than ownership or title, there is no final, appealable order until the partition is made. When a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order. When the only issue in a partition action depends on ownership and the nature of the title, an order determining that issue is a final, appealable order.

*Id.*, 311 Neb. at 640, 974 N.W.2d at 301.

Here, we note that because the parties have entered into an agreement regarding the sale of the 247 acres in Eugene Acres and the 40 acres in the 2008 Living Trust, there is no current case and controversy regarding those acres. There remains a current case and controversy surrounding the 2,100 acres owned by the 2011 Living Trust.

The Nebraska Supreme Court stated in *Mann v. Mann*, 312 Neb. at 282-83, 978 N.W.2d at 612-13:

> The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist. The Legislature has authorized appeals from judgments and decrees, as well as final orders, made by the district court. A judgment is defined in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2020) to mean "the final determination of the rights of the parties in an action." Final orders are defined in § 25-1902, which currently recognizes four categories of final orders; some categories pertain to actions, and one pertains to special proceedings.
>
> Section 25-1315(1) provides:
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
>
> The Nebraska Supreme Court has explained the consequences when § 25-1315 is implicated:
> "[When a case involves] multiple claims for relief or multiple parties, and the court has [entered an order adjudicating] fewer than all the claims or the rights and liabilities of fewer than all the parties, then, absent a specific statute governing the appeal providing otherwise, § 25-1315 controls and mandates that the order is not immediately appealable unless the lower court issues an 'express direction for the entry of judgment' upon 'an express determination that there is no just reason for delay.'"
> Further, absent the entry of a final judgment under § 25-1315(1), orders adjudicating fewer than all claims against all parties are not final and are '"subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."'"

*Mann v. Mann*, 312 Neb. 275, 286-87, 978 N.W.2d 606, 615 (2022).

That said, in *Clason v. LOL Investments*, 308 Neb. 904, 911-12, 957 N.W.2d 877, 882 (2021), the Nebraska Supreme Court stated:

We examined the interplay between the *Peterson v. Damoude* line of cases and § 25-1315 in *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017). In that case, we cited *Peterson v. Damoude, supra*, to state that "when a partition action involves a dispute over ownership or title as well as a dispute over the method of partition, the parties have a right to have title determined first, and, if they elect to do so, an order resolving only the title dispute is a final, appealable order." *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 644-45, 889 N.W.2d at 829. We noted that "partition actions are unique in that when title is contested, the action has two distinct stages: first, the title determination, and second, the division of the real estate, i.e., the 'partition.'" *Id*. at 646, 889 N.W.2d at 830. Based on this unique two-stage structure and on statutory and case law relevant to partition actions, we concluded that an order in which the district court had "resolved the first stage of this partition action and disposed of all matters in that stage" was a final order, even though issues of partition were still to be decided. *Id.*

We further considered "how the enactment of § 25-1315 affects the rules for the appealability of orders in partition actions outlined in *Peterson v. Damoude*." *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 647, 889 N.W.2d at 831. We reasoned that "in enacting § 25-1315, the Legislature did not amend the partition statutes or attempt to change the effect of our prior jurisprudence" and that "[h]ad the Legislature intended to change the well-settled law governing finality of partition judgments and orders, it would have done so explicitly." *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. at 649, 889 N.W.2d at 832.

We concluded that § 25-1315 was not implicated in *Guardian Tax Partners v. Skrupa Invest. Co.*, because there was not more than one cause of action present in that case. We noted that § 25-1315 is implicated only where there are multiple causes of action or multiple parties and the court enters a final order as to one or more but fewer than all the causes of action or parties. We noted first that although there were multiple parties in the case, the district court order disposed of the title claims of all parties. We further determined that there was not more than one cause of action present in *Guardian Tax Partners v. Skrupa Invest. Co.* We based this determination largely on the unique two-stage structure of partition actions in which title may be contested. Although the action has two distinct stages, and a court may enter a final order at the conclusion of the first stage, the action remains a single cause of action.

In this case, in granting Bayliss' partial motion for summary judgment, the court resolved the stage 1 issues of title associated with the request for partition but did not resolve the issues of division of the estate or Bayliss' request for an injunction. As such, applying the holding in *Clason v. LOL Investments*, the resolution of the issue of title was an appealable final order. Nevertheless, Clason fails to assign error to the court's determination governing the resolution of title. Instead, we read Clason's assignments of error and arguments as relating to matters governing the request to partition and request for an injunction.

Because the district court has not rendered a final order with respect to those matters, we find that this court lacks jurisdiction over Clason's appeal. Stated differently, although there was a component of the district court's order that was final and appealable, Clason fails to assign error associated with that portion of the county court's order. Because we lack jurisdiction over the assignments of error raised, we dismiss Clason's appeal.

CONCLUSION

Having determined that this court lacks jurisdiction over this appeal, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.